UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EARL R. PAIGE, SR.,

Plaintiff,

v.                          406CV141

MICHAEL J. ASTRUE, *Commissioner, Social Security Administration,*

Defendant.

## ORDER

Plaintiff Earl Paige has moved for attorney's fees and costs under the Social Security Act (SSA), 42 U.S.C. § 406(b). Doc. ## 19, 21. Paige filed a claim for disability benefits under the SSA alleging that he was disabled as a result of physical and/or mental impairments. The Commissioner of the SSA denied his application, and Paige filed this appeal. On 2/8/07, the district court remanded the claim to the Commissioner for further proceedings. Doc. # 14. On 4/13/07, pursuant to an agreement between the parties, this Court awarded plaintiff's counsel $3,500 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. # 18.

On remand, Paige's application for Social Security Disability Benefits was approved and Paige was awarded $55,601.40 in past-due Title II disability benefits. The Social Security Administration granted Plaintiff's counsel a 42 U.S.C. § 406(a) fee of $5,300 for his representation of Plaintiff in proceedings held before the Administration. Counsel now moves this Court for the award of an additional $5,100.35 in attorney's fees to be paid out of Plaintiff's $55,601.40 benefits award. Doc. # 21. Plaintiff's counsel emphasizes that he has reduced the amount of his § 406(b) fee request (25% of the past-due benefits award) by the sum of the amounts already awarded to him by the Social Security Administration ($5,300) and by this Court pursuant to the EAJA ($3,500).[1] Doc. # 21. When the requested $5,100.35 is combined with the amounts already awarded, the total in requested attorney's fees equals $13,900.35 which is 25% of the Plaintiff's $55,601.40 benefits award. The Commissioner does not oppose the amount presently sought by Plaintiff's counsel. Doc. # 22.

Section 406(b)'s fee award provision has been described as follows:

> Pursuant to 42 U.S.C. § 406(b), the Court may award a successful claimant's counsel attorney's fees for work performed before the Court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant. These fees are awarded from the past due benefits awarded to

---

[1] The EAJA, pursuant to which Plaintiff's counsel has already received $3,500, provides for an award of attorney's fees *against the government*. *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985). Counsel now additionally seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides for attorney's fees payable *out of the Plaintiff's past-due benefits award*. Parties may seek and receive fees under both the SSA and the EAJA. *See generally id.* at 1562; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002). However, to avoid double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client. *Gisbrecht*, 535 U.S. at 796; *see also Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) ("[W]here, in addition [to an award under § 406(b)], the plaintiff obtains an award of attorney's fees under the EAJA, the plaintiff is simply reimbursed for the fees that, pursuant to the SSA, are taken out of the past-due benefits."). In acknowledgement of this requirement, Plaintiff's counsel has reduced his current § 406(b) fee request by $3,500, the amount he already received from the government under the EAJA (in lieu of "refunding" the EAJA amount to Plaintiff).

the claimant and are withheld from the claimant by the Commissioner. *Id.* This provision supplements 42 U.S.C. § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the Social Security Administration.

*Coppett v. Barnhart.* 242 F. Supp. 2d 1380, 1382-83 (S.D. Ga. 2002).

Here, Plaintiff's counsel seeks $5,100.35 in attorney's fees for work performed before this Court, an amount that, when combined with the $3,500 EAJA award counsel has already received and has thus "credited" toward his § 406(b) request, does not result in a fee amount in excess of 25% of Plaintiff's $55,601.40 past-due disability benefits award. It thus satisfies the first of § 406(b)'s requirements.

The Court further concludes that the amount requested "is reasonable for the services rendered." *See* 42 U.S.C. § 406(b).

> The best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client.... However, a fee pursuant to a contingency contract is not per se reasonable. The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or overreaching in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee so large as to be windfall to the attorney.

*Coppett*, 242 F. Supp. 2d at 1383 (quotes and cites omitted).

Plaintiff and counsel contracted for a contingency fee of 25% in this case. Counsel has honored that rate by ensuring that the aggregate fee collected from his client's benefits award (i.e., the sum of the § 406(b) award at issue and the § 406(a) award already granted by the Commission) does not exceed 25% of the benefits award, and he has adjusted the present request in light of the EAJA award he already received, so as to avoid a double recovery of attorney's fees. Additionally, counsel states that he spent 27.05 hours representing Plaintiff before this Court, doc. # 21-6, and this Court has seen no evidence indicating that the fee amount requested is unreasonable in light of the work performed in this case. Finally, the Plaintiff has submitted an affidavit stating his satisfaction with counsel's work, and endorsing the requested fee, doc. # 21-8.

For the foregoing reasons, the Court concludes that the fee amount presently sought by Plaintiff's Counsel ($5,100.35) pursuant to 42 U.S.C. § 406(b) – even when considered in light of the $3,500 that counsel has already received under the EAJA and is thus "crediting" toward his § 406(b) request – does not violate the statutory cap, is not a product of fraud or overreaching, and is reasonable. Accordingly, counsel's motion for attorney's fees is ***GRANTED***, in the amount of $5,100.35.

This day of 18 August 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA